BUDGE v. UNITED SMELTING & REFINING CO.

(Circuit Court of Appeals, Ninth Circuit.    October 1, 1900.)

No. 595.

SALES—CONSTRUCTION OF CONTRACT TO FURNISH TIMBERS FOR MINES — MEASURE OF QUANTITY.

> Plaintiff contracted to furnish to defendant, a mining company, "all the mining timbers required and used" at its mines during a year, to be of certain specified dimensions, and delivered at either of three tunnels as requested, and in quantities as designated, by defendant. Defendant, on its part, agreed to pay a specified price for the timbers of a certain dimension, "about 600," and other prices for smaller timbers, depending on the place of delivery, "about 15,000." *Held,* that the covenant of the plaintiff to furnish all timbers "required and used" in the mines did not make the quantity so used the measure of the quantity defendant was required to take and pay for, so as to render its acceptance and use of but 15 of the larger timbers and 2.000 of the smaller a fulfillment of the contract on its part, where the full quantity had been procured by plaintiff, and was ready for delivery, but that it was bound by its own covenant to take and pay for the full quantity of 600 of the one dimension, and 15,000 of the other, without any material variation.

In Error to the Circuit Court of the United States for the District of Montana.

The plaintiff in error seeks to review a judgment which was rendered against him upon a demurrer to his complaint. In the complaint he alleged, in substance, the following facts: That on November 24, 1897, the plaintiff and the defendant entered into a contract, as follows: "That the party of the first part [the plaintiff] agrees to furnish to the party of the second part

[the defendant] all mining timbers required and used by the party of the second part on the Broadwater Mines lease at Neihart, county of Cascade, and state of Montana, during the year A. D. eighteen hundred and ninety-eight (1898). All mining timbers to be in the following dimensions: 8″ to 10″, 10″ to 12″, 12″ to 14″, at the small end, and sixteen (16) feet long. All lagging or cribbing to be from 4½″ to 5½″ at small end, and sixteen (16) feet long. The party of the first part agrees to deliver any or all of the above-mentioned mining timbers to tunnels Nos. 2, 3, and 8, as designated on the maps of the party of the first part, and in the sizes and quantities as required by the party of the second part. The party of the first part agrees to deliver to the party of the second part all the lagging or cribbing, the dimensions hereinbefore mentioned, at tunnels Nos. 2, 3, and 8, and said lagging or cribbing to be delivered as requested at the tunnels mentioned, and in quantities designated by the party of the second part. The party of the second part agrees to pay to the party of the first part for all the mining timbers from 8″ to 10″, 10″ to 12″, 12″ to 14″, at the small·end, and sixteen (16) feet long, six cents per linear foot,. about six hundred. For all·lagging or cribbing received by the party of the second part, as follows:

Tunnel No. 2, price per piece, thirty (30) cents ⎫
Tunnel No. 3, price per piece, twenty-five cents ⎬ about 15,000.
Tunnel No. 8, price per piece, twenty (20) cents ⎭

—The party of the first part agrees to take the count and measurements of the party of the second part, or their agent." That immediately after the execution of the contract the plaintiff employed a large number of men and teams to carry out the contract on his part, and proceeded to cut and haul six hundred mining timbers of the size and dimensions named in the contract, and fifteen thousand pieces of cribbing and lagging, as therein provided, and at great expense transported the same to Neihart, and there had the same ready for delivery to the defendant as provided in the contract, and that he fully performed said contract upon his part, but that the defendant received from the plaintiff only fifteen of the mining timbers, and two thousand of the pieces of lagging and cribbing, and refused to receive the remainder, to the plaintiff's damage in four thousand dollars.

Ransom Cooper and I. Parker Veazey, for plaintiff in error.

Toole, Bach & Toole, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The ruling of the circuit court in sustaining the demurrer was based upon the case of Brawley v. U. S., 96 U. S. 168, 24 L. Ed. 622,— a case in which the court was required to construe a contract to furnish cord wood for an army post. The view which the court took of the contract in that case is set forth in the language of the opinion as follows:

"The contract was not for the delivery of any particular lot or any particular quantity, but to deliver at the post of Fort Pembina eight hundred and eighty cords of wood, 'more or less, as shall be determined to be necessary by the post commander for the regular supply, in accordance with army regulations, of the troops and employés of the garrison of said post, for the fiscal year beginning July 1, 1871.' These are the determinative words of the contract, and the quantity designated—eight hundred and eighty cords—is to be regarded merely as an estimate of what the officer making the contract at the time supposed might be required. The substantial engagement was to furnish what should be determined to be necessary by the post commander for the regular supply for the year, in accordance with army regulations."

The contract which is under consideration in the present case, while similar in some respects to that in the Brawley Case, contains

covenants upon the part of the defendant which are sufficient to except it from the governing principle of that decision. The covenant on the part of the plaintiff was to furnish all mining timbers "required and used" by the defendant for the year, and all lagging or cribbing timber. The provision that the latter should be delivered as requested "at the tunnels mentioned," and "in the quantities designated," by the defendant, has reference only to the place and method of the delivery, and not to the total quantity required and used. The defendant, upon his part, covenanted to pay the plaintiff for all mining timbers, "about six hundred," and for all lagging and cribbing received by him, "about fifteen thousand." Here is a distinct promise to receive and pay for about 600 pieces of one kind of timber, and 15,000 of another. The qualification imported by the word "about" is not such as to admit of any material variation from the quantity named. Said Mr. Justice Bradley in Brawley v. U. S.:

"The addition of the qualifying words 'about,' 'more or less,' and the like, in such cases, is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, measure, or weight."

The plaintiff, relying upon this covenant of the defendant, according to the allegations of the complaint, performed his part of the contract. He cut and prepared and had ready for delivery 600 pieces of the one class and 15,000 of the other class of timber, as specified in the contract. The defendant declined to receive more than 15 pieces of the first, and 2,000 of the second. Is he to be released from his contract because the plaintiff, by the terms of the contract upon his part, stipulated to furnish him such timbers as should be required and used by him during the year, and because but a small proportion of the whole amount was in fact used? We think he must be held by the terms of his own covenants to pay for 600 of the one and 15,000 of the other kind of timber, as specified in the contract. The determining words of the contract are the quantities of timber which are specified in the defendant's promise to pay, and not the words "all mining timbers required and used," contained in the plaintiff's covenants. The contract was not one in which the quantity of material to be delivered rested wholly in the will of him who was to receive it, nor was it one of those in which the contracting parties had in mind the construction of a particular work, and the supply of the necessary material therefor; the work itself furnishing to both parties the ultimate measure of the quantity which the contract contemplated. We may assume from the complaint that the defendant alone had knowledge of the number of pieces of timber he would require. He expressed that knowledge in definite figures in the agreement, and for the quantity thus expressed he promised to pay. The plaintiff, upon his part, has in good faith complied with his contract, and furnished the specified quantity. It would not only be unjust, but contrary, we think, to the fair intendment of the terms of the contract, to deny him his right to recover. The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the foregoing views.